IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GESNER JONES,

      Plaintiff,

vs.                                                         No. 1:25-cv-00301-DHU-JFR

RIKER'S ISLAND GRVC, *et al.*,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Gesner Jones' *pro se* Prisoner Civil Rights Complaint (Doc. 1, as amended by Doc. 2) (collectively "Complaint"). Plaintiff is incarcerated at Riker's Island, George R. Vierno Center, in East Elmhurst, New York, and brings civil rights claims regarding prisoner conditions at Riker's Island. *See* Docs. 1 and 2. Plaintiff names the Riker's Island facility and workers as Defendants. *See* Doc. 2 at 2. However, Plaintiff mailed his pleadings to this Court (*i.e.,* the District of New Mexico). *See* Doc. 1 at 14; Doc. 2 at 48. Defendants have not yet been served, as the case is still in the screening phase. *See* 28 U.S.C. § 1915A (requiring *sua sponte* screening of all prisoner complaints against government officials).

Before examining the merits of Plaintiff's claims, the Court will evaluate whether the District of New Mexico is the proper venue for this proceeding. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the district court has discretion" to evaluate the matter on screening). Section 1391 of Title 28 permits a civil action to be brought in:

(1) a judicial district in which any defendant resides …;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to … personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (1) is not met. The parties all reside in New York, and it is not clear this Court has personal jurisdiction over any Defendant. *See* 28 U.S.C. § 1391(c)(2) (for venue purposes, an entity resides in any district "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). As to subsection (2), courts must examine "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and determine whether "substantial events material to those claims occurred" in this district. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). Accepting the allegations as true, none of the alleged wrongdoing occurred in New Mexico. The claims stem from events in a New York prison. Subsection (3) does not apply. It appears Plaintiff can file an action in a New York Federal Court.

Where, as here, venue is improper, the Court may transfer the civil action to any other district "where it might have been brought." 28 U.S.C. § 1404(a). The following discretionary factors must weigh in favor of the transfer:

the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law;

2

and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).   The transfer must also be in the interest of justice; otherwise the matter should be dismissed without prejudice. Courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the *Cline* factors to a venue transfer).

On balance, the above factors favor a transfer to the proper forum. The Riker's Island facility is located in Queens County, New York, which is within the jurisdiction of the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 112(c) ("The Eastern District [includes] … Queens [County]." The case should have been filed in that Court, and based on the allegations, Plaintiff may have intended to file in that court. Most evidence would come from New York witnesses or jail/court records, and all Defendants appear to be located there. *See* 28 U.S.C. § 1391(b)(2), (c). The alleged wrongdoing appears to have occurred more than five years ago (*see, e.g.,* Doc. 1 at 2); there is a chance some claims may be time-barred if filed anew. The Court also finds no prejudice to the Defendants, as they have not yet been served or obtained counsel in New Mexico. A venue transfer is therefore proper; convenient; and in the interest of justice. The Court will transfer this case to the United States District Court for the Eastern District of New York.

**IT IS THEREFORE ORDERED** that the Clerk's Office shall **TRANSFER** the Complaint (Doc. 1) to the United States District Court for the Eastern District of New York; **TERMINATE** all pending motions; and **CLOSE** the pending case in this Court.

**IT IS SO ORDERED**.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4